SEARS v. THE MARSHALLTOWN STREET R'Y CO.

1. **Cities and Towns:** CONTROL OF STREETS BY GENERAL ASSEMBLY. Where the fee of the streets is in the city for the use and benefit of the public, the general assembly has control thereof, and may prescribe the terms and conditions on which the public may use the same. See cases cited.

2. ———: HORSE-RAILWAYS IN STREETS: COMPENSATION TO LOT-OWNERS: CODE, § 464. Section 464 of the Code makes a distinction between railways proper and street railways,—the former being such as are operated by steam, and the latter those operated by horses; and under that section it is only when a railway operated by steam is built along a street that an abutting lot-owner is entitled to damages. Such right does not arise upon the construction of a railway operated by horses.

*Appeal from Marshall Circuit Court.*

TUESDAY, APRIL 21.

THE city of Marshalltown, by ordinance, granted to the defendant the right to construct and operate a "horse railway upon and along" certain streets in said city. Under this grant the defendant was about to construct, without changing the established grade, such a railway along a street which ran in front of certain real estate owned by the plaintiff and occupied as his homestead. The plaintiff commenced this action in equity to restrain the construction of the railway, on the ground that the plaintiff's damages as an abutting lot-owner had not been ascertained and paid as provided by law. A temporary injunction was granted, which the defendant, on

the answer and certain affidavits, moved to dissolve, which was overruled, and the defendant appeals.

*Parker & Childs*, for appellant.

*Binford & Snelling*, for appellee.

SEEVERS, J.—It is provided by statute that cities "shall also have the power to authorize or forbid the location and lay-

1. CITIES and towns: control of streets by general assembly.

ing down of tracks for railways and street railways on all streets, alleys and public places; but no railway track can thus be located and laid down until after the injury to property abutting upon the street, alley or public places upon which such railway track is proposed to be located and laid down has been ascertained and compensated" as provided by law. Code, § 464. The grant of power is ample, and the city, under the statute, was fully authorized to do what it did. But the grant is limited or qualified; and in the case at bar the grant of the right to construct the railway cannot be exercised if the limitation or qualification of the right applies to street railways operated by horse-power. The fee of the street is in the city, and it is perhaps unnecessary to determine whether, in the absence of legislation, the construction and operation of such a railway creates an additional servitude on the highway, for which the abutting owner is entitled to damages, for the reason that if, under the statute, the plaintiff is entitled to damages, that ends the inquiry, and such inquiry is also ended if, under the statute, power has been granted the city to authorize the construction of the railway without compensating the abutting owner. When the fee of the street is in the city for the use and benefit of the public, the general assembly has the control thereof, and may prescribe the terms and conditions under which the public may use such streets. *Milburn v. Cedar Rapids*, 12 Iowa, 246; *City of Clinton v. Cedar Rapids & M. R. R. Co.*, 24 Id., 455; *Stanley v. City of Davenport*, 54 Id., 463.

In the grant of power, both "railways" and "street rail-ways" are mentioned.    There is, then, a statutory implication that they are not the same, but that there is a material difference between the two; and that a grant of the power to authorize one would not necessarily include the other.    The limitation or qualification of such power, it will be observed, is thus expressed in the statute:    "But no railway track can thus be located and laid down" until the damages to the abutting owner is ascertained· and compensated.    As thus used in the statute, does " railway track" mean or include " street railway track," operated by horse-power?    We think not.    Railway track, as generally understood, means only a track on which steam is used as the motive power, and it will be presumed that the general assembly used such words in that sense, unless the context or subject-matter contemplated by the statute requires that a different meaning than that in ordinary use should be adopted.    So far from this being so, the construc-tion we have adopted is aided by the context or grant of power. If it was essential to mention· both kinds of railways in the grant of power, because there was a material difference between the two, it was equally essential that both should be mentioned in the limitation to such power, if it was intended to apply to or include both.

*2. ——: horse-rail-ways in streets: com-pensation to lot owners: code, § 464.*

We therefore are of the opinion that the injunction was improvidently granted, and should have been dissolved on the motion filed by the defendant.

REVERSED.